UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENZELL METCALF, | Case No.  1:26-cv-00492-CDB (PC) |
| Plaintiff, | ORDER VACATING ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* |
| v. | |
| D. GUZMAN, *et al.*, | (Docs. 6, 8) |
| Defendants. | FINDINGS AND RECOMMENDATIONS TO DENY *IN FORMA PAUPERIS* STATUS AND REQUIRE PREPAYMENT OF FEES |
| | (Doc. 2) |
| | **14-Day Objection Period** |
| | Clerk of the Court to Assign District Judge |

Plaintiff Denzell Metcalf ("Plaintiff") is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

I.      **Introduction**

On January 21, 2026, Plaintiff initiated this action with the filing of a complaint and an application to proceed *in forma pauperis* ("IFP").  (Docs. 1, 2).  On January 27, 2026, the Court granted Plaintiff IFP status.  (Doc. 6).  Following additional review of Plaintiff's prisoner litigation history and his complaint, as set forth below, the undersigned has determined that Plaintiff has accrued three or more "strikes" under 28 U.S.C. § 1915, and his complaint fails to show that he is

1

under imminent danger of serious physical injury. Accordingly, the undersigned will vacate the order granting IFP and recommend that IFP be denied.

## II.   Three Strikes Provision of 28 U.S.C. § 1915

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, unless payment of such fee is excused through the Court's granting of a plaintiff's application to proceed *in forma pauperis*. *See* 28 U.S.C. § 1914.[1]

Under 28 U.S.C. § 1915, a prisoner may under certain circumstances proceed with the commencement of a civil rights suit without the prepayment of court fees. Relevant here, the statute provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on [three] or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

This section is commonly referred to as the "three strikes" provision. *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (holding that "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule"). The objective of the Prison Litigation Reform Act is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

Not all dismissed cases qualify as a strike under section 1915(g). *King*, 398 F.3d at 1121. In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule ⁋ 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*.

on the ground that they were frivolous, malicious, or failed to state a claim." *King*, 398 F.3d at 1116 n.1 (internal quotations omitted).

### III.    Discussion

The undersigned takes judicial notice[2] of three prior lawsuits filed by Plaintiff resulting in countable "strikes" for purposes of 28 U.S.C. § 1915(g):

1. *Metcalf v. Long Beach Police Dep't*, No. 2:15-cv-07918-JAK-AFM (C.D. Cal) (dismissed for failure to state a claim on July 19, 2016).

2. *Metcalf v. Viapath Technologies*, No. 1:24-cv-00004-KES-HBK (E.D. Cal.) (dismissed as frivolous and for failure to state a claim on July 8, 2024).

3. *Metcalf v. Paramount Pictures*, No. 1:24-cv-00015-KES-SAB (E.D. Cal.) (dismissed as frivolous on July 8, 2024).

A dismissal for failure to state a claim or as frivolous is a strike for purposes of § 1915(g). *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017); *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011); *Lomax v. Ortiz-Marquez*, 590 U.S. ____, 598-600 (2020) (dismissal for failure to state a claim is a strike even when the dismissal is without prejudice). Because Plaintiff has incurred at least three prior strikes, and each was dismissed prior to the commencement of the current action on January 21, 2026 (Doc. 1), Plaintiff is subject to the section 1915(g) bar. Indeed, Plaintiff concedes that he "is not able to be granted [IFP] status because [of] the [three] strike provision U.S.C. § 1915 that applies to him." (Doc. 8). Moreover, he is precluded from proceeding IFP in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Cervantes*, 493 F.3d at 1052-53.

The undersigned has reviewed the complaint in this action and finds that Plaintiff's allegations do not meet the imminent danger exception. His allegations—that Defendants acted negligently and with deliberate indifference to his medical needs when he asked for medical attention following a seizure on October 17, 2025 (Doc. 1 at 5)—are insufficient to show that he is

---

[2] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

3

in imminent danger of serious physical injury to defeat the three-strikes bar under Section 1915. *See Cervantes*, 493 F.3d at 1053; *see Blackman v. Mjening*, No. 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). The complaint lacks any allegation that Plaintiff has suffered or reasonably fears suffering imminently any harm. The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Plaintiff has presented no genuine emergency where time is pressing, nor a threat that is real and proximate.

In sum, the undersigned finds Plaintiff has suffered three or more strikes and was not under imminent danger of serious physical injury when he filed his complaint in this action. Therefore, Plaintiff is precluded from proceeding IFP and will be directed to pay the filing fee if he wishes to litigate the case. *Andrews*, 493 F.3d at 1052-53.

## IV.    Order, Conclusion, and Recommendation

Accordingly, it is HEREBY ORDERED that:

1. The order granting Plaintiff's motion to proceed *in forma pauperis* (Doc. 6) is VACATED.

2. The Clerk of the Court is DIRECTED to randomly assign a district judge to this action.

And it is HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed *in forma pauperis* (Doc. 2) be DENIED and Plaintiff be precluded from proceeding *in forma pauperis* in this action pursuant to 28 U.S.C. § 1915.

2. Plaintiff be ORDERED to pay the $405.00 filing fee in full within 30 days.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). **Within 14 days** after being served with these findings and recommendations, a party may file written objections with the Court. Any objections filed should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to

4

refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these findings and recommendations under 28 U.S.C. § 636(b)(l)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 11, 2026**

_____
UNITED STATES MAGISTRATE JUDGE